## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**KEVIN PEARSON,**
231 Kerby Landing Court
Odenton, MD  21113

       **Plaintiff,**

    **v.**

**AIMBRIDGE EMPLOYEE SERVICES
CORP.,**
Serve:  Corporation Trust Corp.
       2905 York Road, Suite 201
       Lutherville, MD  2093

       **Defendant.**

**Case No.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Aimbridge Employee Services Corp. ("Defendant" or "Aimbridge"), by counsel, hereby files its Notice of Removal of this action from the Circuit Court for Anne Arundel County, Maryland to the United States District Court for the District of Maryland.

Defendant bases its removal on the following grounds:

1.      On May 11, 2021, Plaintiff Kevin Pearson, filed an action against Defendant in the Circuit Court for Anne Arundel County, Maryland captioned *Kevin Pearson v. Aimbridge Employee Services Corp., Aimbridge Hospitality, LLC, Embassy Suites Management, LLC, and Embassy Suites, Inc.*, No. C-02-CV-21-000643.[1]  A copy of the Complaint and Summons are attached hereto and marked as Exhibit A and Exhibit B, respectively.

---

[1] Defendants Aimbridge Hospitality, L.L.C., Embassy Suites Management L.L.C., and Embassy Suites Inc., were voluntarily dismissed without prejudice from this lawsuit on August 2, 2021. *See infra* ¶ 3.

2.      Defendant was served with the Complaint and Summons on July 8, 2021 and has timely filed this removal within thirty days in accordance with 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). *See* Exhibit C, Affidavit of Service.

3.      On August 2, 2021, the parties filed a voluntary stipulation of partial dismissal with the Circuit Court of Anne Arundel County. The parties stipulated to the dismissal of Defendants Aimbridge Hospitality, L.L.C., Embassy Suites Management L.L.C., and Embassy Suites Inc., without prejudice. *See* Exhibit D.[2]

**Removal Based Upon Federal Question Jurisdiction**

4.      In the Complaint, Plaintiff alleges sex and/or gender discrimination and hostile work environment and retaliation claims in violation of 42 U.S.C. § 2000e ("Title VII"). *See generally* Compl.

5.      This Court has original (federal question) jurisdiction over Plaintiff's discrimination, hostile work environment, and retaliation claims under Title VII because 28 U.S.C. § 1331 gives this Court "original jurisdiction of all civil actions arising under" the laws of the United States, and the Plaintiff's federal discrimination claim arises under the anti-discrimination laws of the United States.

---

[2] The correct caption for this action is now *Kevin Pearson v. Aimbridge Employee Services Corp.*

## Removal Based Upon Diversity Jurisdiction

7.        Removal of this action is appropriate because diversity jurisdiction exists under 28 U.S. C. § 1332.  Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum of $300,000.

8.        Plaintiff is a citizen of Maryland.  (*See* Compl., ¶ 3).

9.        Defendant is a corporation formed under the laws of Texas and having its principal place of business in Plano, Texas.  Defendant is not a citizen of Maryland.  *See Blake v. Arana*, No. CIV. WQQ-13-2551, 2014 WL 2002446, at *3 (D. Md. May 14, 2014) (quoting 28 U.S.C. § 1332(c)(1) ("The citizenship of a corporation is determined by the state of its incorporation and the state where it has its principal place of business.").

10.       The damages claimed by Plaintiff are well in excess of $75,000, as Plaintiff claims "compensatory damages, damages for emotional and physical pain and suffering, damages to his reputation, standing and employment history, economic damages including back and/or front pay, liquidated damages, punitive damages where permitted by law, and attorneys' fees and costs for this litigation where permitted by law, in the total amount of Three Hundred Thousand Dollars ($300,000.00) . . ." (*See* Compl., Relief Requested).

11.       The District of Maryland has original jurisdiction pursuant to 28 U.S.C. § 1332, which provides that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between (1) citizens of different states."  28 U.S.C. § 1332(a)(1).

12.       This cause is removable under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1441, and none of the impediments to removal under 28 U.S.C. § 1445 are present.

13.     Concurrent with the filing and service of this Notice of Removal, Defendant has served a Notice of Filing Notice of Removal on Plaintiff, and has filed such Notice with the Clerk of Court for the Circuit Court for Anne Arundel County, Maryland.  *See* Def.'s Notice of Filing Notice of Removal, attached hereto as Exhibit E.

WHEREFORE, Defendant files this Notice of Removal so that the entire court action under Civil Action Number C-02-CV-21-000643 now pending in the Circuit Court for Anne Arundel County, Maryland is removed to this Court for all further proceedings.

Dated:  August 6, 2021                                      Respectfully submitted,

/s/ Robert R. Niccolini
Robert R. Niccolini, D. Md. 24873
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
1909 K Street NW, Suite 1000
Washington, DC  20006
Telephone:  202-887-0855
Facsimile:  202-887-0866
robert.niccolini@ogletreedeakins.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2021, the foregoing was filed electronically with the

Clerk of the Court via CM/ECF which will notify the following counsel of record:

Mark R. Millstein
110 E. Lexington Street
Suite 300
Baltimore, MD  21202
millsteinandshin@aol.com
mark@millsteinlegal.com


*/s/ Robert R. Niccolini*
Robert R. Niccolini, D. Md. 24873

48067467.2